UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| In the Matter of the Petition,<br><br>of<br><br>Theodore Everitt, as Owner of a 32 Foot, 1950 Mathews Playboat (HIN: 06013, NY Reg.: NY 7478AL) for Exoneration from or Limitation of Liability. | 2:22-cv-07687<br>(NJC) (ST) |

**MEMORANDUM AND ORDER**

NUSRAT J. CHOUDHURY, District Judge:

Petitioner Theodore Everitt filed this action on December 16, 2022 against James Madsen, John Merrill, Keith Sperling, Michael Lipetri, and Gerald Klinger for exoneration from, and limitation of liability under, 46 U.S.C. § 30501 *et seq*. and Rule F of the Federal Rules of Civil Procedure, Supplemental Rules for Certain Admiralty and Maritime Claims ("Supplemental Rule F"). (Pet., ECF No. 1.) Petitioner brought this action as owner of a 32 foot, 1950 Mathews Playboat (HIN: 06013, NY Reg.: NY 7478AL) (the "Vessel"), which suddenly exploded, caught fire, and sank on August 26, 2022. (*See id.* ¶ 5.) Three of the five passengers aboard the Vessel—Claimants Sperling, Lipetri, and Merrill—answered the Petition. (*See* ECF Nos. 9, 11, 13.) Claimant Madsen filed an untimely claim and reached a settlement with Petitioner. (*See* Madsen Letter, Nov. 22, 2023, ECF No. 36; Min. Entry, Dec. 6, 2023; Min. Entry, Dec. 14, 2023; Elec. Order, Dec. 18, 2023). Mr. Klinger never appeared in the action or answered the Petition. Before the Court is Petitioner's third Motion for an Order Noting Default of all persons and entities claiming damages against Petitioner and the Vessel and forever barring such persons and entities from filing any claims or answers in this proceeding. (Pet'r's Mot.

Order Noting Default ("Mot."), ECF Nos. 50–51.)[1] For the following reasons, the Court grants Petitioner's Motion and issues an Order Noting Defaults.

## JURISDICTION AND VENUE

The Court has federal question jurisdiction over Petitioner's claim under the Limitation of Vessel Owner's Liability Act of 1851, 46 U.S.C. § 30501 *et seq.* pursuant to 18 U.S.C. § 1331. Venue is proper under 28 U.S.C. § 1381(b) and 18 U.S.C. § 1965 because, as described below, a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 55, default judgments are governed by a two-step process. First, the Clerk of the Court enters a certificate of default when a party fails to plead or otherwise defend the action. *See* Fed. R. Civ. P. 55(a); *see also* Local Civil Rule 55.2. After the Clerk issues a certificate of default, a party may apply for entry of a default judgment against the party in default. *See* Fed. R. Civ. P. 55(b); *see also* Local Civil Rule 55.2(b). "The decision to grant a motion for default judgment is left to the discretion of the district court." *No Limit Auto Enterprises, Inc. v. No Limit Auto Body, Inc.*, No. 21CV4755AMDJMW, 2022 WL 18399477, at *2 (E.D.N.Y. Dec. 12, 2022), *report and recommendation adopted*, No. 21CV4755AMDJMW, 2023 WL 348271 (E.D.N.Y. Jan. 19, 2023).

## BACKGROUND

At approximately 5 p.m. on August 26, 2022, Petitioner was operating the Vessel on Sampawams Creek near Babylon Cove. (Pet. ¶ 5.) Onboard the Vessel were five passengers:

---

[1] The instant Motion was filed as a "Second Motion for Default Judgment," but this Motion is actually the third of its kind. (*See* ECF No. 29, 43, 50.)

2

Petitioner, Claimant John Merrill, Claimant Keith Sperling, Claimant Michael Lipetri, Claimant James Madsen, and Gerald Klinger. (*Id.* ¶¶ 4–5.) While Petitioner was at the helm, the Vessel suddenly exploded, caught fire, and sank. (*Id.* ¶ 7.) By the time Petitioner filed the Petition, Claimant Merrill and Claimant Madsen had already claimed injuries and damages as a result of the explosion. (*Id.* ¶ 8.) The value of the Vessel following the incident was no more than $5,000. (*Id.* ¶ 10.)

## PROCEDURAL HISTORY

On December 16, 2022, anticipating that any claimants would collectively seek damages in an amount greater than Petitioner may be required to pay, Petitioner claimed "exoneration from, and/or limitation of liability for, any alleged loss, damage, injury or death occasioned by the aforesaid incident and for all claims which may hereafter be made and alleges that it has valid defenses thereto both on the facts and on the law." (*Id.* ¶ 12.) On March 13, 2023, Claimants Sperling and Lipetri answered the Petition. (ECF Nos. 9, 11.) On March 14, 2023, Claimant Merrill answered the Petition. (ECF No. 13.) These parties engaged in discovery toward settlement. (*See* Joint Status Rep., July 18, 2023, ECF No. 24.)

On July 11, 2023, the Court approved Petitioner's Ad Interim Stipulation for Value that Petitioner's interest in the Vessel was $5,000, set a claim bar date of September 12, 2023, and ordered that notice of the claim bar date be mailed and published in Newsday pursuant to Supplemental Rule F(4). (Order, July 11, 2023, ECF No. 23.) On July 12, 2023, Petitioner mailed a copy of the Notice to Claimants and Mr. Klinger. (*See* Hession Decl. ¶ 5, ECF No. 41-3.) Petitioner timely published the Notice of Complaint for Exoneration from or Limitation of Liability (the "Notice") in Newsday once a week for the four consecutive weeks prior to the claim bar date, with the first publication beginning on August 16, 2023. (*Id.*)

3

On September 21, 2023, Petitioner requested a certificate of default against non-appearing claimants. (ECF No. 27.) The Clerk of Court entered default on September 26, 2023. (ECF No. 28.) Petitioner moved for an Order Noting Default for all persons or entities claiming damages against Petitioner or the Vessel for harm resulting from the incident and barring such persons from filing any claims or answers in this action. (ECF No. 29.) Following this matter's reassignment to this Court's docket, Petitioner notified the Court that Petitioner had reached settlement with Claimants Merrill, Sperling, and Lipetri and that resolution of the pending Motion for Order Noting Default was the only thing preventing consummation of the settlements. (*See* ECF No. 30.)

On October 31, 2023, Claimant Madsen filed a letter with the Court indicating that he was "contesting the Motion for Default as [he had] a claim that still needs to be resolved." (ECF No. 31.) The Court then ordered Claimant Madsen to show cause by November 8, 2023, why the entry of default should be set aside under the good cause standard as articulated in *United States v. Starling*, 76 F.4th 92, 102 (2d Cir. 2023), where the Second Circuit recognized that "the good cause standard requires consideration of three factors: (i) the willfulness of the defaulting party, (ii) prejudice to the non-movant, and (iii) whether the defaulting party has a meritorious defense." (*See* Elec. Order, Nov. 1, 2023.)

On November 8, 2023, Petitioner renewed his Motion for an Order Noting Default and supporting papers. (ECF Nos. 32–35, 37.) On November 16, 2023, the Court ordered a hearing on the Motion for December 5, 2023. (Elec. Order, Nov. 16, 2023.) On November 22, 2023, Claimant Madsen filed a letter with the Court regarding the December 5, 2023 hearing indicating that he was contesting the Motion for an Order Noting Default and that he had submitted a claim on November 21, 2023. (ECF No. 36.)

On December 5, 2023, the Court held a hearing on Petitioner's Motion. (Min. Entry, Dec. 6, 2023.) At the hearing, the Court stated that it could not issue an Order Noting Default on the present record because Claimant Madsen had indicated that he had filed a claim on November 21, 2023. (*See id.*) Petitioner's counsel confirmed that Claimant Madsen's claim was properly filed with the exception that it was untimely and argued that the claim, if permitted to go forward, would reduce the recovery for the claimants who timely filed; counsel for Claimants Sperling, Merril, and Lipetri echoed the view that the late-filed claim, if allowed, would be prejudicial to their clients. (*See id.*) Claimant Madsen, appearing by telephone, explained that he missed the claim bar deadline because of family health matters. (*See id.*) The Court noted that Petitioner's pending Motion for an Order Noting Default did not address Claimant Madsen's November 22, 2023 letter indicating that he had filed a claim. (*See id.*) The Court ordered Petitioner and Claimant Madsen to confer and determine the next steps as to the resolution of his claim. (*See id.*) The Court ordered a continued hearing for December 13, 2023. (*See id.*) The following day, Claimant Madsen submitted a letter, restricted to the Court and case participants, providing further explanation of the family health matters that caused him to miss the claim bar date. (ECF No. 39.)

At the continued hearing on December 13, 2023, Petitioner's counsel informed the Court that Petitioner and Claimant Madsen had agreed to a settlement, which they wanted to put on the record in light of Claimant Madsen's *pro se* status. (*See* Min. Entry, Dec. 14, 2023.) Petitioner's counsel further noted that the disbursement of funds under all four settlements was pending this Court's issuance of an Order Noting Default. (*See id.*) The Court found that Claimant Madsen had shown good cause to set aside the entry of default under Fed. R. Civ. P. 55(c) and *United States v. Starling*, 76 F.4th 92 (2d Cir. 2023) through his letters to the Court explaining the health

issues that prevented him from making a timely claim. (*See* Min. Entry, Dec. 14, 2023.) Based on that record, the Court set aside the entry of default against Claimant Madsen. (*See id.*) The Court noted that it could not grant the Motion for an Order Noting Default because that submission failed to address the filing or resolution of Claimant Madsen's claim, and requested that Petitioner submit an updated motion. The Court also directed Petitioner to address in that updated filing whether this action is subject to the Servicemember Civil Relief Act ("SCRA"), 50 U.S.C. § 3931, which requires "an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." SCRA, 50 U.S.C. § 3931(b); (*see* Min. Entry, Dec 14, 2023).

On January 4, 2024, the Court ordered Petitioner to file the updated motion for order noting default by January 10, 2024. (*See* Elec. Order, Jan. 4, 2024.) On January 10, 2024, Petitioner filed a second motion for order noting default (ECF Nos. 40–43) but failed to attach a copy of the Clerk's entry of default, failed to address whether the SCRA applies in this action, and did not address in the memorandum of law that Claimant Madsen's claim was resolved. (*See* Elec. Order, Jan. 11, 2024.) The following day, the Court denied the motion with leave to review and ordered Petitioner to address these deficiencies by January 16, 2024. (*See id.*)

On January 16, 2024, Petitioner requested an extension of time to January 30, 2024 to file a third motion for an order noting default (ECF No. 47), and the Court granted that request the following day (*see* Elec. Order, Jan. 17, 2024). On January 22, 2024, Petitioner requested a certificate of default from the Clerk, which the Clerk issued the following day as to Mr. Klinger and all other persons who have not appeared. (ECF Nos. 48–49.) On January 24, 2024, Petitioner filed the Motion now before the Court, a third Motion for Order Noting Default. (ECF Nos. 50–51.)

## DISCUSSION

I. **Procedural Compliance**

Under the Local Civil Rules, a motion must include a notice of motion, a memorandum of law, and supporting affidavits or exhibits containing any necessary factual information for the decision of the motion. Local Civil Rule 7.1(a)(1)–(3). Local Civil Rule 55.2 also requires that a party moving for default judgment append to its application: the Clerk's certificate of default, a copy of the claim to which no response has been made, and a proposed form of default judgment. Local Civil Rule 55.2(b). Rule 55.2 further requires that all papers submitted to the Court under subsection (b) be mailed to the party against whom a default is sought at the last known address of such party with proof of mailing filed with the Court. Local Civil Rule 55.2(c). Finally, a motion for default judgment against an individual must include "an affidavit . . . stating whether or not the defendant is in military service and showing necessary facts to support the affidavit." SCRA, 50 U.S.C. § 3931(b).

Petitioner's third Motion for an Order Noting Default is procedurally proper with one exception. The Motion includes a Memorandum of Law (ECF No. 50-8), a Declaration in Support (Hession Decl., ECF No. 50-1), a Proposed Order (ECF No. 50-7), a copy of the Petition (ECF No. 50-2), and an affidavit showing service of the Motion on all passengers aboard the Vessel during the incident giving rise to this action (ECF No. 51). The Motion also complies with the SCRA because it includes a supporting affidavit from Petitioner's counsel indicating that neither Mr. Klinger nor any other passenger is known to be a member of the active military or reserve forces. (*See* Hession Decl. ¶ 10.) Petitioner's third Motion for an Ordering Noting Default fails to comply, however, with the requirement of Local Rule 55(2)(b)(1) that a default

judgment motion include a copy of the Clerk's certificate of default.[2] The Court waives this requirement in the interest of the efficient administration of justice because any additional requests for Petitioner to comply with the Local Rules are likely to result in further delay.

Accordingly, the Court finds that Petitioner's Motion for an Order Noting Default is procedurally proper and now turns to the merits of the Motion.

Supplemental Rule F governs the procedure for a limitation action. *See Matter of Nordin*, No. 19-CV-25 (SJF)(AYS), 2019 WL 4696318, at *2 (E.D.N.Y. Sept. 26, 2019) *(citing Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 448 (2001)). Under that Rule, "a default judgment will be entered against any potential claimant who has failed to respond to public notice of a complaint for exoneration from and/or limitation of liability within the established notice period," as long as the petitioner has satisfied his notice obligations. *In re Narod*, No. 13 CV 554 DRH ETB, 2013 WL 3491088, at *3 (E.D.N.Y. July 10, 2013) (citing Supplemental Rule F). Rule F requires the notice to provide at least thirty days' notice of the claim filing deadline. The Rule further requires publication of a notice that "expressly and clearly stated the deadline for filing a claim and/or answer . . . and . . . that a consequence of failing to file a timely claim and/or answer was default and being forever barred from filing a claim and/or answer." *In re Narod*, 2013 WL 3491088, at *3 (internal quotation marks omitted).

Here, Petitioner published the Notice of Complaint for Exoneration from or Limitation of Liability in Newsday once a week beginning on August 16, 2023, for the four consecutive weeks prior to the claim bar date of September 12, 2023. (Hession Decl. ¶ 5.) Petitioner also mailed a copy of the Notice to Claimants and Mr. Klinger. (*Id.*) The Notice was timely and complied with

---

[2] This Court noted this deficiency in Petitioner's second Motion for an Order Noting Default and directed Petitioner to cure the problem in a renewed motion (*see* Elec. Order, Jan. 11, 2024), which Petitioner failed to do.

the requirement of Supplemental Rule F(4) in that it "admonish[ed] [potential claimants] to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before" a specific date at least thirty days out. Supplemental Rule F; (*see also* Decl. of Service and Publication of Notice, ECF 50-4). Accordingly, Petitioner's third Motion for an Order Noting Default and barring all future claims against Petitioner and the Vessel is granted.

## CONCLUSION

For the reasons set forth above, the Court grants Petitioner's third Motion for an Order Noting Default against all persons and/or entities who have not filed either an answer or a claim in this proceeding and forever barring all persons and/or entities claiming damages against Petitioner and/or the Vessel, for any and all losses, damages, injuries and destruction arising out of, occasioned or occurring from or during the voyage of the Vessel on August 26, 2022. The Court directs the Clerk of Court to enter default judgment in favor of Petitioner and against any and all persons or entities who failed to file a claim by the September 12, 2023 deadline, with the sole exception of Claimant Madsen, who showed good cause for filing an untimely claim.

Dated: Central Islip, New York
January 29, 2023

      /s Nusrat J. Choudhury
      NUSRAT J. CHOUDHURY
      United States District Judge